Margaret Ann KEEVER, Appellant,

v.

The Honorable Harlan W. BAINTER, Judge of the First Judicial District of Iowa in and for Des Moines County, Appellee.

No. 54348.

Supreme Court of Iowa.

March 16, 1972.

William R. Ruther, and William Bauer, Burlington, for appellant.

Richard C. Turner, Atty. Gen., and Alan N. Waples, County Atty., Burlington, for appellee.

SUPPLEMENTAL OPINION

PER CURIAM.

Petition for writ of certiorari was filed and considered by this court while it was composed of eight members due to a vacancy. Two opinions were filed on April 9, 1971, which showed the court to be divided evenly, four to four. The writ was therefore quashed. Keever v. Bainter, 186 N.W.2d 133 (Iowa 1971). Application for writ of certiorari was subsequently granted by the United States Supreme Court. On January 10, 1972, 404 U.S. 1010, 92 S.Ct. 688, 30 L.Ed.2d 658, the United States Supreme Court entered an order in this cause which reads in pertinent part:

"ON CONSIDERATION WHEREOF, it was ordered and adjudged on January 10, 1972, by this Court that the judgment of the said Supreme Court in this cause be vacated, and that this cause be remanded to the Supreme Court of the State of Iowa for further consideration in light of United States v. Marion, 404 U.S. 307 [92 S.Ct. 455, 30 L.Ed.2d 468] (1971).

"NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment

of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ notwithstanding."

The procedural and factual background for this case is fully set forth in the opinions reported at 186 N.W.2d 133, et seq., and will not be repeated here.. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, has been examined and studied by the full court.

We find United States v. Marion, supra, to be factually dissimilar from this case in that Marion deals with alleged delay which occurred prior to arrest or indictment. This case deals with delay which occurred subsequent to arrest and indictment. Nor does Marion deal with cases where reasonable or excusable post indictment delay is an issue in the case. The United States Supreme Court had no occasion to examine such questions.

The majority opinion in United States v. Marion, supra, contains the following statement:

"The Sixth Amendment provides that 'in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . .' On its face, the protection of the amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution. These provisions would seem to afford no protection to those not yet accused, nor would they seem to require the Government to discover, investigate, and accuse any person within any particular period of time. The Amendment would appear to guarantee to a criminal defendant that the Government will move with the dispatch which is appropriate to assure him an early and proper disposition of the charges against him. '[T]he essential ingredient is orderly expedition and not mere speed.' Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041, 1048 (1959)."

We take it the foregoing passage is the doctrine alluded to when the United States Supreme Court ordered remand to this court "for further consideration in light of United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)." We also conclude the United States Supreme Court implies the factual situation here is such that the delay shown in this case is not to be excused, has resulted in an unconstitutional deprivation of speedy trial, and has occurred through no fault of defendant but because of the dereliction or at least failure of State officials.

While we find this to be a very unsatisfactory approach to resolution of the issues in this case, we conclude direction by implication should be accepted. Thus we grant the writ and order the above entitled case dismissed with prejudice.

This judgment is not to be construed so as to inhibit appropriate due process inquiry into defendant's present state of mental health. Such inquiry at the time the record was made would have been entirely appropriate and probably necessary. Since much time has since elapsed we trust the proper local officials will take such action as is legal and necessary.

Our prior order annulling the writ having been vacated, the writ of certiorari is granted and respondent is ordered and directed to dismiss the above case with prejudice forthwith.

Writ granted.